IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY D. TAYLOR, SR.,

                                                ORDER

                Petitioner,

                                                14-cv-830-bbc

    v.

PAUL S. KEMPER,
Warden, Racine Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Anthony D. Taylor has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he seems to be challenging a decision to deny him additional sentence credit. Petitioner has paid the $5 filing fee, so his petition is ready for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

A threshold problem with Taylor's petition is that he admits that he has not exhausted his state court remedies. Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts, 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004), which means that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In his petition, Taylor acknowledges that the Wisconsin Court of Appeals denied his

1

state habeas petition on the ground that he was raising the same issues on direct appeal. Dkt. #1, exh, 1. A review of Wisconsin's online docket sheet for cases on appeal confirms that the appeal is pending. State v. Taylor, No. 2014AP253-CR, available at wscca.wicourts.gov. Taylor cannot bypass that appeal simply because he believes that the court of appeals should have considered the merits of his habeas petition separately. If Taylor does not receive relief after exhausting *all* of his remedies in state court, he is free to file a new petition in federal court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that Taylor's petition should be dismissed because he failed to exhaust his state court remedies. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Anthony Taylor's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his remedies in state court. Petitioner is free to refile a timely petition after he has finished presenting his claims to the Wisconsin state courts.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 14th day of January, 2015.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge